UNITED STATES of America, Plaintiff,

v.

Mike J. BELL and Mark E. Bell, Defendants.

Nos. 85–10089–04, 85–10089–05.

United States District Court, D. Kansas.

April 29, 1986.

Ben Burgess, U.S. Atty., Wichita, Kan., for U.S.

Michael D. Wilson, Wichita, Kan., for Mike J. Bell.

E. Lael Alkire, Wichita, Kan., for Mark E. Bell.

MEMORANDUM AND ORDER

CROW, District Judge.

These cases arise from a criminal investigation which began in the spring of 1985 and culminated with the indictment of more than 50 individuals in November of 1985. During the investigation, extensive use was made of electronic surveillance. In

the present motion, defendants seek to suppress the result of this electronic surveillance as a result of alleged failures to comply with the requirements of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 to 2520. Defendants object to the electronic surveillance of telephones which was conducted pursuant to court order and to interception of mobile phone and mobile pager communications which was obtained without court order.

The court has reviewed the memoranda submitted by the parties and has heard argument in this matter. At oral argument, the government's counsel represented that no communications intercepted from the mobile phone or mobile pager will be offered at trial. It is therefore unnecessary for the court to address that issue. For the reasons stated below, the court concludes that the wire communications occurring on May 2, 1985, were intercepted in accordance with the requirements of Title III of the Omnibus Crime Control and Safe Streets Act of 1968, and that no valid grounds exist to suppress those communications.

The wire communications which defendants seek to suppress were obtained pursuant to an order issued by a judge of the district court for the 18th Judicial District of Kansas dated April 12, 1985. The eavesdropping was authorized for the period April 18, to May 5, 1985. The affidavit supporting the order listed gambling offenses as the justification for the eavesdropping. This order was extended on May 2, 1985, to continue until May 12, 1985. On May 10, 1985, an eavesdropping order was obtained form the same court to monitor the same telephone lines for narcotics related communications. This order was authorized to extend for 21 days beginning May 12, 1985. Other eavesdropping was authorized in conjunction with this investigation, however, these orders are not relevant to the present motion.

In order to enforce constitutional standards for electronic surveillance as established by the Supreme Court, Congress en-acted Title III of the Omnibus Crime Control and Safe Streets Act of 1968, 18 U.S.C. § 2510 to 2520. *See Katz v. United States,* 389 U.S. 347, 88 S.Ct. 507, 19 L.Ed.2d 576 (1967); *Berger v. New York,* 388 U.S. 41, 87 S.Ct. 1873, 18 L.Ed.2d 1040 (1967). Above all, Congress was concerned with protecting the privacy of the citizens of the United States. "Our mandate to strictly construe judicial wire tap authorizations is bottomed on the fact that '[f]ew threats to liberty exist which are greater than that posed by the use of eavesdropping devices.' [citation omitted]" *United States ·v. McNulty,* 729 F.2d 1243 (10th Cir.1983). Title III establishes strict requirements which must be met in order to obtain authority to intercept wire communications for criminal investigations.

The communications at issue in this case were intercepted on May 2, 1985. At that time, only an order authorizing interception for gambling offenses was in effect. On November 19, 1985, the government applied to the state judge who had authorized all of the interceptions in question to use the communications pertaining to narcotics offenses before the grand jury. The order was signed at 8:38 a.m. and the grand jury met and presumably received the evidence later that day.

Title III makes allowances for the use of intercepted communications dealing with crimes other than those for which the eavesdropping was originally authorized.

> When an investigative or law enforcement officer, while engaged in intercepting wire or oral communications in the manner authorized herein, intercepts wire or oral communications relating to offense other than those specified in the order of authorization or approval, the contents thereof, and the evidence derived therefrom, may be disclosed or used as provided in subsection (1) and (2) of this section. Such contents and any evidence derived therefrom may be used under subsection (3) of this section when authorized or approved by a judge of competent jurisdiction where such judge finds on subsequent application that the

contents were otherwise intercepted in accordance with the provisions of this chapter. Such application shall be made as soon as practicable.

18 U.S.C. § 2517(5).

The defendants contend these communications should be suppressed because the November 19, 1985 order is insufficient to authorize the testimonial use of this evidence as required by 18 U.S.C. § 2517(5). The defendants object that the order authorizing use of this other crimes evidence fails to state with particularity the offenses for which the evidence may be used and that the application for its use was not made as soon as practicable as required by 18 U.S.C. § 2517(5) and the applicable Kansas statute.

■ The defendants argue the Kansas statute and interpreting cases should control the court's decision in this matter. The federal courts have recognized that the states may impose more stringent requirements on law enforcement officers seeking to obtain wire tap authorizations. In ruling on the admissibility of evidence obtained by state law enforcement officers pursuant to state law, the federal courts apply the state rules. *United States v. McNulty,* 729 F.2d at 1265–66. The Tenth Circuit limited its application of state law to the question of the validity of the wire tap order obtained. In a case relied on heavily by the Tenth Circuit in *McNulty,* the Second Circuit refused to extend the application of state law to the disposition of evidence after a legal interception.

[I]t is readily apparent that New York's sealing requirements, although vital to the state statutory scheme, do not impose a standard design to protect the individual's right of privacy but seek only to assure that, once a lawful interception has been completed, the fruits of the seizure will remain intact. The sealing requirement is a post-interception procedure relating solely to the later preservation of the evidence, as contrasted to the methods used to obtain it.... [W]hatever interest, if any, the state may have in securing federal enforcement of its sealing requirements through application of the exclusionary rule is outweighed by the federal interest in establishing its own standards for the admission of lawfully obtained wiretaps into evidence.

*United States v. Sotomayor,* 592 F.2d 1219, 1226 (2d Cir.) *cert. denied,* 442 U.S. 919, 99 S.Ct. 2842, 61 L.Ed.2d 286 (1979) (citations and footnotes omitted).

■ The issue presented by the present motion relates to the handling and disposition of evidence after it has been lawfully obtained. The defendants do not contend the authorization to intercept wire communications entered by the state district judge on April 12 and extended on May 2, 1985 was unlawful. The defendants contend the government failed to obtain a proper authorization to use the other crimes evidence after it was obtained. For this reason, federal law controls the court's consideration of this motion.

■ If the government intercepts communications pertaining to crimes other than those for which the interception was originally authorized, 18 U.S.C. § 2517 requires that a judge of competent jurisdiction find, on subsequent application that the other crimes evidence was otherwise intercepted in accordance with the provisions of Title III. The statute requires that "[s]uch application shall be made as soon as practicable." The defendants interpret this language to require the application for subsequent use to be made as soon as practicable *after the interception.* The Seventh Circuit has rejected this interpretation as an attempt to impose a statute of limitations on testimonial use of other crimes evidence. *United States v. Arnold,* 773 F.2d 823 (7th Cir.1985). The court agrees with the Seventh Circuit that reading the language of § 2517(5) to require subsequent application to occur immediately after interception is impractical. The purpose of § 2517(5) is to ensure the evidence was obtained in accordance with Title III. This purpose is not defeated by an application made before the other crimes evidence is disclosed.

The requirements of § 2517(5), including the "as soon as practicable" requirement must be read in a common sense fashion. *United States v. Harvey*, 560 F.Supp. 1040 (S.D.Fla.1982). The interpretation of the statute suggested by the defendants would be overly burdensome on law enforcement efforts. Officials intercepting communications would be required to make technical, and often subtle, legal judgments about the conversations intercepted. The official would be required to decide immediately whether the communication concerned a crime for which interception had not been specifically authorized and whether the communication might be necessary evidence for future prosecution. The court is persuaded Congress did not intend such a result.

In the case of *United States v. Kerr*, 711 F.2d 149 (10th Cir.1983), the Tenth Circuit addressed a situation similar to the present case. In *Kerr*, an interception of wire communications was judicially authorized on January 20 and interceptions were conducted thereafter. The government did not obtain authority to use other crimes evidence until July 25 of the same year, approximately six months later. In the meantime, this evidence had been disclosed to a grand jury on July 7. The indictment returned by this grand jury was dismissed and the case was resubmitted to the grand jury. An indictment was returned on August 4. The Tenth Circuit agreed with the trial court that the original wire tap was in accordance with Title III and that the release of information under the disclosure order was proper in spite of the timing of the release and the August 4 indictment. The court noted that § 2517(5) is adequate protection against the improper use of other crimes evidence. The court concluded no useful purpose would be served by an additional requirement that the original wiretap be amended once additional crimes were detected. *United States v. Kerr*, 711 F.2d at 151.

■ The defendants also challenge the lack of particularity of the November 19, 1985 authorization. This is an attempt to superimpose the strict requirements for an original wiretap under 18 U.S.C. § 2518 onto a subsequent use application under § 2517(5). The statute makes no such requirement. The statute only requires a judge of competent jurisdiction to verify the proper authorization of the original interception. It does not require the detailed showing necessary to obtain an original order under § 2518. *See, United States v. Dorfman*, 542 F.Supp. 345, 401–02 (N.D.Ill. 1982), *aff'd* 690 F.2d 1217 (7th Cir.1982).

The Tenth Circuit has recognized and approved this statutory scheme in *United States v. Cox*, 449 F.2d 679 (10th Cir.1971) *cert. denied* 435 U.S. 927, 98 S.Ct. 1496, 55 L.Ed.2d 522 (1972). The court acknowledged the lack of a particularity requirement under § 2517(5) and held the statute was constitutionally permissible as long as the original authorization complied with the requirements of § 2518.

■ The November 19 order finds the original authority granted on April 12 to satisfy the requirements of the Kansas act, which the parties agree is the substantial equivalent of Title III. The order thus satisfies the minimum requirements of § 2517(5) to authorize testimonial use of other crimes evidence.

■ Assuming the court had found a violation of § 2517(5) suppression would not be an available remedy. The sanction of suppression is limited to cases in which the government has illegally intercepted evidence. *United States v. Davis*, 780 F.2d 838 (10th Cir.1985); *United States v. Cardall*, 773 F.2d 1128 (10th Cir.1985). Since there is no dispute that the April 12, 1985 wiretap order was lawfully obtained and the relevant phone conversations were lawfully intercepted pursuant to that order, suppression is inappropriate. *United States v. Cardall*, 773 F.2d at 1134. Defendants' motion to suppress evidence of intercepted wire communications will be denied.

■ The court also has before it the motion of defendants Mike J. Bell and Mark E. Bell to sever their trial from the

trial of other defendants with whom they were indicted. In view of the different offenses with which the defendants are charged and the varying stages of preparedness among the defendants, the court concludes the motion should be granted. Accordingly, defendants Mike J. Bell and Mark E. Bell will be tried separately from the other defendants on June 3, 1986.

IT IS THEREFORE ORDERED that defendants' motion to suppress evidence of intercepted wire communications is denied.

IT IS FURTHER ORDERED that defendants' motion to sever is granted. The trial will commence at 9:30 a.m., June 3, 1986, Room 326, United States Courthouse, 401 North Market, Wichita, Kansas.